**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Air Transport Association of America, Inc. d/b/a Airlines for America,

Plaintiff,

vs.

Nicole Blissenbach, in her official capacity as Commissioner of the Department of Labor and Industry,

Defendant.

Case No. 24-cv-4657 (JWB/ECW)

**ALPA'S BRIEF IN OPPOSITION TO A4A'S APPEAL FROM THE APRIL 10, 2026, ORDER DENYING MOTION TO COMPEL DISCOVERY AND GRANTING PROTECTIVE ORDER**

Justin D. Cummins (#276248)
Cummins & Cummins, LLP
920 Second Avenue South, Suite 1245
Minneapolis, MN 55402
612.465.0108 (t)
612.465.0109 (f)
*justin@cummins-law.com*

Thomas N. Ciantra* (NY 2370161)
Stephanie G. Spanja* (NY 3046091)
M. Antonia Bird** (MD 1712130046)
AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
Legal Department
7950 Jones Branch Drive, Suite 400S
McLean, VA 22102
703.481.2468 (t)
703.481.2478 (f)
*Thomas.Ciantra@alpa.org*
*Stephanie.Spanja@alpa.org*
*Antonia.Bird@alpa.org*

**admitted pro hac vice*
***not admitted*

*Attorneys For Non-Party Air Line Pilots Association, International*

May 8, 2026

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

FACTUAL AND PROCEDURAL BACKGROUND ........ 2

I. Litigation Overview ........ 2

A. A4A's Railway Labor Act-Based Claim and Counsel in This Action ........ 2

B. The Court's Allowance of Only "Narrow" and "Focused" Discovery on A4A's RLA Preemption Claim ........ 2

II. A4A's Subpoena to Non-Party ALPA ........ 3

II. A4A's Motion to Compel and ALPA's Opposition ........ 3

III. Magistrate Judge Wright's Order ........ 4

STANDARD OF REVIEW ........ 5

ARGUMENT ........ 5

I. The Order Applied Circuit Law to Undisputed Facts. ........ 5

A. A4A's Appeal Misconstrues Rule 26. ........ 5

B. Magistrate Judge Wright's Finding of Undue Burden Was Not Clearly Erroneous and Was Consistent with Law. ........ 6

1. Compelled Disclosure of Confidential Material Imposes a Burden. ........ 6

2. The Order Correctly Concluded that ALPA's Internal Bargaining Strategies Are Inherently Confidential and that Compelled Disclosure Would Harm ALPA. ........ 7

II. Magistrate Judge Wright Correctly Found that an AEO Designation Provides Insufficient Protection. ........ 8

III. The Order Did Not Effectively Create a Labor-Relations Privilege. ........ 10

IV. Magistrate Judge Wright Properly Exercised Discretion in Not Ordering Other Protective Limitations. .......... 11

CONCLUSION .......... 13

## TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anderson v. Bessemer City*, 470 U.S. 564 (1985) .......... 5

*Coons v. BNSF Ry.*, 268 F. Supp. 3d 983 (D. Minn. 2017) .......... 5, 12

*Desmond Fielding v. Allina Health Sys.*, 2023 WL 4597845 (D. Minn.) .......... 12

*FemtoMetrix Inc. v. Huang*, 2024 WL 396186 (N.D. Cal.) .......... 9

*Fusion Elite All Stars v. Nfinity Athletic LLC*, 2022 WL 1175691 (W.D. Tenn.) .......... 9

*Gen. Parts Distrib. LLC v. Perry*, 2013 WL 3223374 (D. Minn.) .......... 5, 9, 11, 12

*Goyette v. City of Minneapolis*, 2022 WL 1963722 (D. Minn.) .......... 10

*In re Mo. Dep't of Corr.*, 839 F.3d 732 (8th Cir. 2016) .......... 6

*In re Plowiecki*, 2021 WL 4973762 (D. Minn.) .......... 11, 12

*Kerns v. Caterpillar, Inc.*, 2008 WL 351233 (M.D. Tenn.) .......... 7, 12

*Lynch v. Experian Info. Sols., Inc.*, 581 F. Supp. 3d 1122 (D. Minn. 2022) .......... 10

*Olson Rug Co. v. NLRB*, 304 F.2d 710 (7th Cir. 1962) .......... 7

*Raines v. Allied Constr. Servs., Inc.*, 2019 WL 3545889 (D. Minn.) .......... 8, 9

*Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005 (D. Minn. 1999) .......... 5

*Select Comfort Corp. v. Tempur Sealy Int'l, Inc*., 2014 WL 5835337 (D. Minn.) .......... 8, 9

*Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228 (D. Minn. 2013) .......... 8, 10, 12

*Superior Edge, Inc. v. Monsanto Co*., 2014 WL 12756161 (D. Minn.) .......... 8

*Taiyo Int'l, Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497 (D. Minn. 2011) .......... 8, 9

*Titan Int'l, Inc. v. Becker*, No. 00-CV-3257, Slip Op (C.D. Ill. Nov. 26, 2002) .......... 7

*Tri-State Grease & Tallow Co. v. Milk Specialties Co.*, 2012 WL 13029572 (D. Minn.) ... 8

*Yellow Corp. v. Teamsters*, 2025 WL 3089412 (10th Cir. 2025) ... 7

**Statutes and Rules:**

28 U.S.C. § 636(b)(1)(A) ... 5

Airline Deregulation Act, 19 U.S.C. §§ 41701-41726 ... 2

Minn. Earned Sick and Safe Time Law, Minn. Stat. §§ 181.9445-48 ... 2

Railway Labor Act, 45 U.S.C. §§ 151-188 ... 2

Fed. R. Civ. P. 26(b)(1) ... 6

Fed. R. Civ. P. 26(c)(1)(A), (D), (G) ... 6, 7

Fed. R. Civ. P. 37(a)(5)(B) ... 4

Fed. R. Civ. P. 45(d) ... 6, 11

Fed. R. Civ. P. 72(a) ... 5

D. Minn. Local Rule 72.2(a) ... 5

## INTRODUCTION

Magistrate Judge Wright correctly: (1) rejected Airlines for America's ("A4A's") motion to compel the Air Line Pilots Association, International ("ALPA") to produce confidential bargaining strategies with A4A member Delta Air Lines, Inc. ("Delta"); and (2) granted ALPA's cross-motion for a protective order. ECF 97 ("the Order"); ECF 101 ("Mot." or "Motion"). In so holding, the Order relied on Eighth Circuit precedent that compelled disclosure of confidential information by itself is a burden under Federal Rule of Civil Procedure 26. A4A would have this Court ignore this and conclude that, if confidential information is relevant, the only issue is how it should be produced. The Order's finding that disclosure of confidential bargaining strategies would be burdensome given the continuing ALPA-Delta collective bargaining relationship was consistent with governing law, not error. The Order correctly protected the henhouse from the fox.

Magistrate Judge Wright likewise correctly exercised discretion to reject A4A's proposal that ALPA produce such materials under an Attorneys' Eyes Only ("AEO") designation as insufficient. O'Melveny & Myers represents A4A here and Delta in arbitrations regarding the collective bargaining agreement with ALPA. The Order found that ALPA's confidential information inevitably would be disclosed in litigation outside of discovery. A4A's notion that an AEO designation is a magic wand defies the reality of this litigation and was properly rejected.

Finally, A4A's claim that the Order effectively created a "labor relations privilege" is belied by Magistrate Judge Wright's express refusal to do so and the Order's clear Rules and fact-based analysis of A4A's and ALPA's positions.

The Court accordingly should affirm the Order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Litigation Overview

#### A. A4A's Railway Labor Act-Based Claim and Counsel in This Action

A4A consists of ten airlines, including Delta. Compl. ¶ 7 (ECF 1). On December 30, 2024, A4A sued Minnesota Department of Labor and Industry Commissioner Nicole Blissenbach alleging that Minnesota's Earned Sick and Safe Time Law (Minn. Stat. §§ 181.9445-48) ("Minnesota Law") is preempted by the Airline Deregulation Act of 1978 ("ADA"), 19 U.S.C. §§ 41701-41726, and the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188, and unenforceable against airlines. Compl. ¶¶ 1-5, 10. A4A's RLA claim alleges that the Minnesota Law interferes with the collective bargaining process because unions may obtain through legislation benefits that they otherwise are unwilling or unable to achieve in bargaining. *Id.* ¶¶ 4, 85, 97, 102. Three law firms represent A4A here, including O'Melveny. *Id.* at 40.

#### B. The Court's Allowance of Only "Narrow" and "Focused" Discovery on A4A's RLA Preemption Claim

On May 14, 2025, the Court directed that discovery should be "narrow" and "focused" and, with respect to A4A's RLA claim, oriented to a comparative analysis of the Minnesota Law and the RLA. ECF 55 (at 36:1-15). The Court later reiterated that the scope of discovery should be "limited" and, with respect to A4A's RLA claim, focused on "[w]hether the [Minnesota] [L]aw interferes with or displaces collective bargaining under the RLA." ECF 57 (at 2-3); ECF 60 (at 2-3).

## II. A4A's Subpoena to Non-Party ALPA

On August 5, 2025, A4A subpoenaed non-party ALPA and two of its constituent councils. ECF 79-4 (at 13); ECF 79-5 (at 6). Subpoena Request No. 8 seeks "all documents and communications" concerning ALPA's collective bargaining negotiations with Delta "relating to SICK LEAVE, time off, attendance, reliability, or availability of AIRLINE employees … from the time negotiations began for the collective bargaining agreement immediately preceding the operative collective bargaining agreement through present." ECF 79-4 (at 13); ECF 79-5 (at 6).

ALPA objected to Request No. 8:

> [Request No. 8 is] unduly burdensome to the extent that it seeks internal bargaining strategies not shared with Delta, which are subject to the labor-relations privilege, the production of which would cause irreparable injury to ALPA, and outweigh any potential benefit to Plaintiff. Moreover, such an overly broad and unduly burdensome request is not proportional to the needs of the case in resolving whether the Law interferes with or displaces collective bargaining under the RLA, which is a process that involves the presentation and discussion of proposals between the respective parties.

ECF 79-5 (at 6). Because A4A could obtain from Delta both ALPA's and Delta's bargaining proposals and the ultimate agreements reached, A4A conceded "it was seeking ALPA's internal documents and communications." ECF 79-7 (at 14-15, 20); ECF 78 (at 11).

## II. A4A's Motion to Compel and ALPA's Opposition

On November 24, 2025, A4A moved to compel. ECF 77, 78. ALPA opposed the motion and requested a Rule 26(c)(1) protective order. ECF 85. A hearing was held on December 8. ECF 87.

## III. Magistrate Judge Wright's Order

In an April 10, 2026 Order, Magistrate Judge Wright denied A4A's motion to compel and granted ALPA's requested protective order under Rules 37(a)(5)(B) and 26(c)(1)(A), (D), and (G). ECF 97. The Order found that while ALPA's internal bargaining strategies may be relevant to A4A's RLA preemption claim, such information is "less important and less probative" than

> the information already available to A4A through its member Delta. … Delta knows all about offers that ALPA has made, all offers Delta has made, whether such offers were accepted or rejected, and what Delta was willing to accept. This evidence is highly probative as to what ALPA has been able to achieve through bargaining, and what tradeoffs ALPA was willing to accept … relating to sick leave, time off, attendance, reliability, or availability of airline employees.

Order at 15-16.

Magistrate Judge Wright then held that A4A's request "imposes undue burden on ALPA by requiring it to disclose its confidential bargaining strategy to A4A and its lawyers, some of whom are 'longtime counsel to Delta in matters adverse to ALPA.'" *Id.* at 17. Noting ALPA's non-party status, the Order rejected A4A's suggestion that the burden upon ALPA could be alleviated by designating its confidential documents as AEO. Specifically, the Order found that while such a designation

> may protect information from discussion during *discovery*, … the Court has doubts over whether such a designation sufficiently addresses ALPA's concerns about having its confidential bargaining strategy disclosed and the resulting burden on ALPA as this lawsuit proceeds.

*Id.* at 14.

## STANDARD OF REVIEW

This Court's review of the Order "is 'extremely deferential.'" *Coons v. BNSF Ry.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (quoting *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). This Court must affirm unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Rule 72(a); LR 72.2(a). A magistrate judge's ruling is clearly erroneous only when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Coons*, 268 F. Supp. 3d at 991 (internal quotations omitted). In other words, the Order must be affirmed if it is "plausible in light of the record viewed in its entirety[.]" *Gen. Parts Distrib., LLC v. Perry*, 2013 WL 3223374, *2 (D. Minn.) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)).

## ARGUMENT

### I. The Order Applied Circuit Law to Undisputed Facts.

#### A. A4A's Appeal Misconstrues Rule 26.

A4A's attacks on the Order fundamentally misapprehend Rule 26. A4A's notion is that because the Order found that ALPA's confidential bargaining strategies may be "relevant" to its RLA claim, Magistrate Judge Wright should have compelled disclosure. However, as Magistrate Judge Wright held, relevance only starts, but does not end, the inquiry. Rather, a court must weigh several other factors, including the "proportiona[ality]" of the material "to the needs of the case" and:

> [...] the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

> whether the burden or the expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The Order did exactly that. First, it evaluated the subpoenaed materials' relevance and found they were "less important and less probative" than material accessible to A4A from Delta. Order at 7, 15-16. The Order then analyzed the burden on ALPA and forbade disclosure of the materials because of their confidentiality given what A4A has. *Id.* at 7, 14-18. The Order thus applied Rule 26(c)(1), which allows courts to protect parties by "forbidding the disclosure or discovery," "forbidding inquiry into certain matters," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Rule 26(c)(1)(A), and (D), (G); Order at 6, 8-9. *See also* Order at 6, 14-15, 17-18 (subpoena imposed an undue burden contrary to Rules 26(c)(1)(A), (D), and (G) & 45(d)(1)); *id.* at 5, 14 (citing Rule 26(b)(1)); *id.* at 14-15, 17-18 (burden on non-parties carries special weight).

### B. Magistrate Judge Wright's Finding of Undue Burden Was Not Clearly Erroneous and Was Consistent with Law.

#### 1. Compelled Disclosure of Confidential Material Imposes a Burden.

The Order correctly held that "compelled disclosure of confidential information [is] a burden in the discovery context." Order at 8 (citing *In re Mo. Dep't of Corr.*, 839 F.3d 732, 736-37 (8th Cir. 2016)). A4A lamely would ignore the cited cases, including *Corrections*, asserting that they involved different facts. Mot. at 5-6. However, the Order followed Eighth Circuit law, and A4A cites no contrary governing authority. Reliance on Circuit precedent is required and hardly an abuse of discretion.

**2. The Order Correctly Concluded that ALPA's Internal Bargaining Strategies Are Inherently Confidential and that Compelled Disclosure Would Harm ALPA.**

A4A asserts that ALPA has not substantiated the harm caused by producing its confidential internal bargaining strategies. *Id.* at 5-6. However, the Order exhaustively considered relevant cases finding union bargaining strategies to be inherently confidential and that disclosure would cause harm where, as here, there is an ongoing bargaining relationship. Order at 9-10 (citing *Titan Int'l, Inc. v. Becker*, No. 00-cv-3257, Slip Op (C.D. Ill. Nov. 26, 2002);[1] *Kerns v. Caterpillar, Inc.*, 2008 WL 351233 (M.D. Tenn.); and Rule 26(c)(1)(A), (D), and (G)). The Order also noted during the hearing that A4A's own description of "a hypothetical ALPA-internal strategy discussion" recorded in the material it seeks "highlights" the burden on ALPA. *Id.* at 16. The Order thus concluded that "requiring ALPA to disclose its confidential bargaining strategy on topics for which bargaining is ongoing would greatly burden ALPA by impairing its ability to successfully negotiate on these topics in the future." *Id.* at 8-10, 12-13. That echoes the fundamental proposition that it is bad faith for an employer to attempt to access such materials. *Olson Rug Co. v. NLRB*, 304 F.2d 710, 712, 715 (7th Cir. 1962). Given that the subpoenaed materials are less relevant than those A4A already can obtain from Delta, compelled disclosure clearly imposes an undue burden on ALPA, as the Order found.[2]

[1] The full text of the court's decision in *Titan International, Inc. v. Becker*, No. 00-cv-3257, Slip Op. (C.D. Ill. Nov. 26, 2002), is not accessible on either Westlaw or Pacer.

[2] A4A asserts that "[i]nternal union documents can be produced to employers in disputes between employers and unions over bargaining or their CBAs." Mot. at 11 n.8 (citing *Yellow Corp. v. Teamsters*, 2025 WL 3089412, *3 (10th Cir. 2025)). Sure. But *Yellow Corp.*

## II. Magistrate Judge Wright Correctly Found that an AEO Designation Provides Insufficient Protection.

The Order "carefully considered whether an [AEO] designation or additional limitations on who could see information responsive to Request No. 8 could sufficiently alleviate the burden on ALPA." Order at 13-14, 17. It correctly concluded that an AEO designation would be insufficient because ALPA's confidential bargaining strategies would be disclosed outside of this action's discovery phase. *Id.* at 13-14, 16.

A4A responds that this judgment does not comport with some cases finding AEO designations sufficient to protect confidential information. Mot. at 6, 8-10 & nn.4-7. But Magistrate Judge Wright's considered, contrary judgment did not abuse her discretion. A4A cites no case holding that AEO designations *always* ameliorate undue burdens regardless of the circumstances. Indeed, Rule 26 expressly allows courts to bar discovery on information despite its purported "relevance." *See Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013).

Further, A4A's cited cases are inapposite. Most concern discovery disputes between parties and, sometimes, stipulated protective orders providing for AEO designations. Mot. at 8-9 & nn.5,7.[3] ALPA, however, is a non-party and did not draft the protective order here

---

involved minutes of union meetings, not bargaining strategies. Order at 10-12; 2025 WL 3089412, *2-3.

[3] *Raines v. Allied Constr. Servs., Inc.*, 2019 WL 3545889, *4 (D. Minn.); *Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, 2014 WL 5835337, *5-7 (D. Minn.); *Tri-State Grease & Tallow Co. v. Milk Specialties Co.*, 2012 WL 13029572, *4 (D. Minn.); *Superior Edge, Inc. v. Monsanto Co.*, 2014 WL 12756161, *2 (D. Minn.); *Taiyo Int'l, Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497, 501-02 (D. Minn. 2011).

(ECF 67). Some of those cases do not apply for further reasons.[4] Finally, A4A's cases involving discovery of confidential information from non-parties found that the requested information was necessary to resolve the case—that the need for disclosure outweighed the burden on the non-party. Mot. at 9 & n.6.[5] Here, Magistrate Judge Wright properly concluded that, although A4A's requested materials are relevant to its RLA preemption claim, they are "less important and less probative" than other information readily available through Delta and therefore not necessary for A4A to prove its claim. Order at 7, 15-17.

A4A next contends that the Order ignores this case's governing protective order (ECF 67) in finding that ALPA's confidential internal bargaining strategies "will obviously come out in filings with the Court because [A4A will] be using them to support" its preemption claim. Mot. at 6, 10 (quotations omitted); Order at 14. Of course, if A4A is not going to use ALPA's internal strategies in litigation, their only use is in future bargaining. Magistrate Judge Wright clearly had discretion to issue an order shielding ALPA's confidential documents from disclosure and appropriately did so. *See, e.g.*, *Perry*, 2013 WL 3223374, *4 (rejecting plaintiff's argument that protective order could address any of

[4] *Raines* did not involve confidential information or a Rule 26 balancing analysis. 2019 WL 3545889, * 4. Two other cases found the requested documents relevant *and* necessary to resolve the claims (*Select Comfort*, 2014 WL 5835337, *7; *Taiyo Int'l*, 275 F.R.D. at 501), which is not the case here, as the Order found.

[5] *Fusion Elite All Stars v. Nfinity Athletic LLC*, 2022 WL 1175691, *5-6 (W.D. Tenn.); *FemtoMetrix Inc. v. Huang*, 2024 WL 396186, *8 (N.D. Cal.). A4A wrongly states that *FemtoMetrix* denied a "third party's motion to quash subpoena" (Mot. at 9 n.6); in reality, the *FemtoMetrix plaintiff* moved to quash the subpoenas because the non-parties held plaintiff's confidential information, and the non-parties did not object to disclosure. 2024 WL 396186, at *3, *6-9.

subpoenaed party's confidentiality concerns because "the Magistrate Judge had discretion to determine whether it was appropriate to quash portions of the subpoena under Rule 45"). *See also Shukh*, 295 F.R.D. at 238.

Finally, A4A asserts that Magistrate Judge Wright was required to modify A4A's proposed AEO designation scheme to allow production of the documents. Mot. at 12-13. A4A cites no cases for that proposition, let alone that it was "clearly erroneous" where the subpoenaed materials are less relevant than those which the subpoenaing party has access. *See* Order at 15-17.

A4A also waived this argument. A4A did not propose "protective mechanisms" that it now recites on appeal in either its motion to compel or at oral argument. ECF 78, 89.[6] Represented by sophisticated counsel, A4A may not now argue what it did not previously. *Lynch v. Experian Info. Sols., Inc.*, 581 F. Supp. 3d 1122, 1128 (D. Minn. 2022) ("An appeal of a magistrate judge's order is an improper venue for new proposals to resolve discovery disputes."); *Goyette v. City of Minneapolis*, 2022 WL 1963722, *7 (D. Minn.).

## III. The Order Did Not Effectively Create a Labor-Relations Privilege.

A4A disingenuously claims that the Order created an impermissible labor-relations privilege "under the auspices of 'confidentiality'" because it did not require disclosure of ALPA's confidential bargaining strategies under an AEO designation. Mot. at 2, 11-12.

The Order directly contradicts this absurdity. First, ALPA objected based on Rule 26(c)(1). Order at 10-11. *See also Shukh*, 295 F.R.D. at 238. Magistrate Judge Wright

[6] At the hearing, A4A suggested only screening some O'Melveny attorneys from accessing these documents. ECF 89 (at 16:2-7); *infra* at 11-12.

accordingly did not need to, and did not, consider a labor relations privilege. Order at 11 ("the Court expresses no opinion on the existence of a labor-relations privilege") (citing ECF 85 at 22).

Second, upon finding that the subpoena was unduly burdensome, Magistrate Judge Wright "was obligated to either quash or modify [it under Rule 45(d)(3)(A)]. Failing to do so would itself have been contrary to law." *In re Plowiecki*, 2021 WL 4973762, *8 (D. Minn.); *accord Perry*, 2013 WL 3223374, *2 (court must enforce party's duty "to avoid imposing undue burden or expense on" subpoenaed non-parties). This just applies the Rules; it does not create a privilege.

## IV. Magistrate Judge Wright Properly Exercised Discretion in Not Ordering Other Protective Limitations.

A4A incorrectly asserts that the Order did not address the inadequacy of additional protective measures, including not considering all three law firms representing A4A. Mot. at 6, 12-13. However, Magistrate Judge Wright contemplated whether other protective mechanisms, such as fashioning a specific protective order, including screening off attorneys who represent both A4A and Delta, would alleviate ALPA's burden but found such measures insufficient. Order at 13-14, 17. *See also* ECF 89 (at 22, 34-35). This reflected a Rules-based and common-sense understanding of the litigation process. In any event, nothing required Magistrate Judge Wright to expressly address every possible protective measure. *See Coons*, 268 F. Supp. 3d at 991 ("[a]lthough the magistrate judge did not expressly address BNSF Railway's argument, this omission does not establish that

the magistrate judge failed to consider BNSF Railway's argument"); *Desmond Fielding v. Allina Health Sys.*, 2023 WL 4597845, *1 (D. Minn.).

Further, as noted *supra* at 8-9, Magistrate Judge Wright had broad discretion to completely shield ALPA's confidential internal bargaining strategies from discovery by A4A. *See also Shukh*, 295 F.R.D. at 238; *Perry*, 2013 WL 3223374, *4.

Finally, none of A4A's belated protective mechanisms would have relieved the undue burden on ALPA in disclosing its confidential bargaining strategies: (1) A4A's proposed limitation of disclosure to the Skadden and Fredrikson firms (Mot. at 12) ignores the reality of O'Melveny's inevitable participation in drafting filings and trial preparation; (2) A4A's proposed limitation of production of documents "related to prior rounds of CBA negotiations" (*Id.* at 13) ignores the reality that such documents may reveal ALPA's bargaining priorities in future rounds; (3) A4A's suggestion that ALPA produce a "confidentiality log" (*Id.* at 12-13) is an obvious back-door effort to gain access by allowing it to "assess any claimed confidentiality" in such a log; and (4) A4A's complaint that Magistrate Judge Wright "could have required ALPA to propose additional [AEO] enhancements" (*Id.* at 13) ignores the fact that, at the hearing, she asked ALPA "what else could the Court do or why [are other protective order options] not enough?" ECF 89 (at 35:12-13).[7]

[7] A4A's reliance (Mot. at 13) on *Kerns*, 2008 WL 351233, *3, *5, for the necessity of a confidentiality log is misplaced because there the union was a party and ALPA's status as a non-party is entitled to special weight. *In re Plowiecki*, 2021 WL 4973762, *6; Order at 15, 17.

## CONCLUSION

The Court should deny A4A's appeal and affirm the Order in its entirety.

Date: May 8, 2026

Respectfully submitted,

*/s/ Thomas N. Ciantra*
Thomas N. Ciantra* (NY 2370161)
Stephanie G. Spanja* (NY 3046091)
M. Antonia Bird** (MD 1712130046)
AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
Legal Department
7950 Jones Branch Drive, Suite 400S
McLean, VA 22102
703.481.2468 (t)
703.481.2478 (f)
*Thomas.Ciantra@alpa.org*
*Stephanie.Spanja@alpa.org*
*Antonia.Bird@alpa.org*

**admitted pro hac vice*
***not admitted*

Justin D. Cummins (#276248)
Cummins & Cummins, LLP
920 Second Avenue South, Suite 1245
Minneapolis, MN 55402
612.465.0108 (t)
612.465.0109 (f)
*justin@cummins-law.com*

*Attorneys For Non-Party Air Line Pilots Association, International*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that pursuant to Local Rule 7.1(f) the foregoing document contains 3,246 words and is prepared in a proportional font (Times New Roman). I further certify that pursuant to Local Rule 7.1(h) the text of the foregoing document, including footnotes, has been prepared with a 13-point Times New Roman font.

*/s/ Thomas N. Ciantra*
Thomas N. Ciantra