**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Air Transport Association of America, Inc., *doing business as Airlines for America*,

Plaintiff,

v.

Kate Perushek, *in her official capacity as Commissioner of the Department of Labor and Industry*,

Defendant.

Civ. No. 24-cv-4657 (JWB/ECW)

**ORDER AFFIRMING MAGISTRATE JUDGE ORDER**

---

Alethea M. Huyser, Esq., Leah C. Janus, Esq., and Natasha T. Robinson, Esq., Fredrikson & Byron, P.A.; Alisha Nanda, Esq., Anne Rabon, Esq., Emily Jennings, Esq., and James R. Carroll, Esq., Skadden, Arps, Slate, Meagher & Flom LLP; and Charles J. Mahoney, Esq., Chris A. Hollinger, Esq., Mark W. Robertson, Esq., and Molly Edgar, Esq., O'Melveny & Myers LLP, counsel for Plaintiff.

Janine Wetzel Kimble, Esq., and Rebecca Katherine Webster, Esq., Minnesota Attorney General's Office, counsel for Defendant.

Justin D. Cummins, Esq., Cummins & Cummins, LLP; and Stephanie Spanja, Esq., and Thomas Nicholas Ciantra, Esq., Air Line Pilots Association, Int'l, counsel for nonparty ALPA.

---

This discovery appeal concerns the limits of discovery from a nonparty labor union. Air Transport Association of America, Inc. ("Air Transport") seeks the Air Line Pilots Association, International's ("ALPA") internal bargaining deliberations in support of its claim that Minnesota's Earned Sick and Safe Time Law interferes with collective bargaining. Magistrate Judge Elizabeth Cowan Wright found the material relevant but concluded that its additional value did not justify the burden disclosure would impose on

ALPA's continuing bargaining relationship with Delta Air Lines, Inc. ("Delta"). (Doc. No. 97 at 14–17.)

Air Transport maintains that an Attorneys' Eyes Only designation and narrower discovery restrictions would adequately protect ALPA. However, this appeal is governed by Federal Rule of Civil Procedure 72(a), which does not permit setting aside a discretionary discovery ruling merely because another approach might also have been reasonable. The Magistrate Judge's decision was neither clearly erroneous nor contrary to law. The April 10, 2026 Order (Doc. No. 97), therefore, is affirmed.

**BACKGROUND**

Air Transport, an association of federally regulated airlines that includes Delta, challenges the application of Minnesota's Earned Sick and Safe Time Law, Minn. Stat. § 181.9445 *et seq.*, to its members under the Airline Deregulation Act and the Railway Labor Act ("RLA"). Its RLA theory is that the state law supplies leave benefits that unions would otherwise have to bargain for, displacing or interfering with collective bargaining. (Doc. No. 1 ¶¶ 4, 85, 97, 102.)

After denying the Commissioner's motion to dismiss, focused discovery was permitted into whether Minnesota's law displaces or interferes with collective bargaining under the RLA. (Doc. No. 55 at 34–36.) That ruling permitted development of the preemption claim; it did not determine the proper scope of discovery from any particular nonparty.

Air Transport subpoenaed ALPA, a nonparty union representing Delta pilots. Request No. 8 sought documents and communications concerning ALPA's negotiations

with Delta about sick leave, time off, attendance, reliability, and employee availability, covering approximately eight years. (Doc. No. 79-4 at 13; Doc. No. 97 at 4 & n.3.) Air Transport clarified that ALPA need not reproduce materials already available through Delta, including proposals exchanged between Delta and ALPA. The dispute thus centers on ALPA's internal deliberations about positions it considered, bargaining tradeoffs, and the possible influence of state leave laws. (Doc. No. 78 at 16; Doc. No. 97 at 4–7.)

ALPA objected that producing those deliberations would expose confidential bargaining strategy and impair its ability to negotiate with Delta over matters that recur in successive agreements. Air Transport moved to compel. (Doc. Nos. 77, 79-5 at 6.) The Magistrate Judge denied the motion to compel and granted ALPA a protective order, finding that the limited additional value of the materials did not justify the burden of disclosure. (Doc. No. 97 at 12–18.) Air Transport has objected to that ruling. (Doc. No. 101.)

## DISCUSSION

Rule 72(a) permits a district judge to set aside a magistrate judge's nondispositive order only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Clear error requires a definite and firm conviction that a mistake has been made. *Weyer v. Reliance Standard Life Insurance Co.*, 109 F.4th 1072, 1075 (8th Cir. 2024). Discovery decisions lie within the magistrate judge's broad discretion. *See Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). The question is whether the governing rules were properly applied and the

resulting decision was permissible on this record—not whether the discovery dispute could reasonably have been resolved another way.

Rules 26 and 45 supply those governing rules. Relevant, nonprivileged information is discoverable only if it is proportional to the needs of the case. That assessment includes consideration of the importance of the information, the parties' access to it, and whether its likely benefit justifies the burden of production. Fed. R. Civ. P. 26(b)(1). The party serving a subpoena must also take reasonable steps to avoid imposing undue burden or expense on a nonparty. Fed. R. Civ. P. 45(d)(1). Rule 26(c) permits a protective order for good cause, including an order forbidding discovery or limiting disclosure of confidential information. Fed. R. Civ. P. 26(c)(1)(A), (G). Relevance begins the inquiry; it does not end it.

Air Transport has a legitimate point on relevance. Delta's bargaining records show the proposals exchanged and the positions each side actually took. They do not necessarily show proposals ALPA considered but never advanced, or whether state-mandated leave changed ALPA's priorities before the parties reached the bargaining table. Those internal decisions could bear on Air Transport's theory that Minnesota's law displaced bargaining over leave benefits. The discovery order acknowledged that the requested material could be relevant. (Doc. No. 97 at 7, 15–16.)

But relevance must be weighed against the discovery's additional value. Delta already has the proposals exchanged, the parties' responses, and the resulting agreements. Those records show how the bargaining actually unfolded. ALPA's internal communications might explain why particular positions were never advanced, but the

Magistrate Judge could reasonably view that evidence as less probative of actual interference with collective bargaining than the negotiations themselves. (Doc. No. 97 at 15–17.) Air Transport may obtain some additional evidence from ALPA. Rule 26 does not make that possibility dispositive of proportionality.

The burden on ALPA was not simply the expense of locating documents. ALPA and Delta continue to negotiate over leave and attendance provisions. Disclosure of ALPA's private assessments of leverage, possible concessions, and bargaining priorities could affect that relationship by exposing information ALPA has not shared with its opposing party in negotiations. The discovery order treated that risk as significant. (Doc. No. 97 at 12–13, 16–17.) Confidentiality does not create immunity from discovery, but the harm from compelled disclosure can be an undue burden. *In re Missouri Dep't of Corrs.*, 839 F.3d 732, 736–37 (8th Cir. 2016). That burden deserves particular attention when the subpoena reaches a nonparty. *Stecklein & Rapp Chartered v. Experian Info. Sols., Inc.*, 113 F.4th 858, 862 (8th Cir. 2024). Those consequences could properly be weighed against the additional value of the material sought.

Air Transport's best response is that confidentiality could be protected without withholding the documents. It proposes an Attorneys' Eyes Only designation and points to safeguards it says the existing protective order provides for sealed filings and notice before material is used in court. It also emphasizes that Air Transport, not Delta, is the Plaintiff. (Doc. No. 101 at 4, 8–10; *see also* Doc. No. 67 at 5.) The proposal is not an unreasonable one. Attorneys' Eyes Only restrictions can protect sensitive information, and there is no suggestion that counsel would disregard them.

The difficulty is not an anticipated violation of the protective order. It is that an Attorneys' Eyes Only designation governs access during discovery without necessarily settling how the documents may be used if they become material to a judicial decision. Air Transport seeks the information to prove its preemption claim; if it relies on the documents in substantive filings, different considerations may govern continued sealing. The discovery order recognized that possibility. (Doc. No. 97 at 13–14; *see also* Doc. No. 67 at 5–6.) Future public disclosure is not certain, and the existing protections matter. But even with those protections, the Magistrate Judge could reasonably conclude that the limited additional value of ALPA's internal deliberations did not justify the burden of compelling their disclosure.

Air Transport relies on *Sedlock ex rel. Sedlock v. BIC Corp.*, 926 F.2d 757 (8th Cir. 1991), to support its argument that a protective order can adequately safeguard confidential information without preventing discovery altogether. In *Sedlock*, the Eighth Circuit concluded that an existing protective order adequately addressed the asserted risk of disclosure. *Id.* at 759. That decision supports Air Transport's position that confidentiality concerns can sometimes be addressed through restrictions on access and use. But *Sedlock* did not hold that a protective order necessarily resolves those concerns or requires production regardless of the burden and proportionality considerations under Rule 26. The Magistrate Judge considered the proposed protections and concluded that the limited additional value of ALPA's internal deliberations did not justify compelling their disclosure, even with those protections in place. *Sedlock* does not make that determination clearly erroneous.

Air Transport offered other ways to narrow the burden: excluding counsel involved in matters adverse to ALPA, strengthening restrictions on disclosure, requiring a confidentiality log or *in camera* review, and limiting production to earlier bargaining rounds. (Doc. No. 101 at 12–13.) Each addresses a proper concern. Screening counsel could reduce the chance that sensitive information reaches participants in negotiations. A log or *in camera* review could support more document-specific decisions. And a time limitation would narrow the materials at issue. These proposals therefore do not warrant categorical dismissal.

The discovery order did not address each alternative separately. Its reasoning instead turned on the character of the requested information, its limited additional value considering Delta's records, and the potential harm from disclosure in a continuing bargaining relationship. (Doc. No. 97 at 12–17.) The proposed measures bear on that assessment, but none necessarily removes its central concern: compelling a nonparty to disclose internal strategy whose contribution to resolving the claim was reasonably found to be modest. Even a restriction to earlier negotiations would not necessarily eliminate that concern where the same subjects recur. The omission of a separate discussion of every alternative does not, on this record, establish that the wrong rule was applied or the proportionality determination was clearly erroneous.

Air Transport also argues that the protective order effectively creates a labor-relations privilege. It does not. The Magistrate Judge expressly declined to decide whether such a privilege exists. (Doc. No. 97 at 10–11.) The ruling instead assessed relevance, proportionality, and the burden of disclosure under Rules 26 and 45. Those

rules permit protection of nonprivileged material for good cause. The protective order neither recognizes a new privilege nor exempts union records from discovery. It resolves this subpoena on this record.

Air Transport seeks relevant evidence, and its proposed restrictions could lessen the risk of disclosure. The proportionality assessment also had to account for the evidence available through Delta, the more limited additional value of ALPA's private deliberations, and the burden imposed on a nonparty engaged in continuing negotiations. The ruling reasonably weighs those considerations under the governing rules. The existence of other possible approaches does not establish clear error. Air Transport's objections are overruled, and the April 10, 2026 Order is affirmed.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED** that Air Transport's objections (Doc. No. 101) are **OVERRULED** and the April 10, 2026 Order (Doc. No. 97) is **AFFIRMED**.

Date: October 30, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge